UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00260-RSE

**MARKA S.**                                                                                          **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security*[1]                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Claimant Marka Storm's ("Claimant's") application for disability insurance benefits. The Claimant seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). Both Claimant (DN 17) and the Commissioner (DN 19) have filed a Fact and Law Summary. Claimant filed a reply brief. (DN 21). The Parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 20).

### I. Background

Claimant applied for disability insurance benefits under Title II of the Social Security Act on July 3, 2021. (Transcript, hereinafter ("Tr.") 27). Claimant also filed a Title XVI application for supplemental security income on July 3, 2021. (*Id.*). Both applications alleged Claimant's disability began on July 13, 2022. (*Id.*). Claimant's applications were denied at both the initial and reconsideration levels. (Tr. 79-112).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is substituted for Martin O'Malley as Defendant in this case.

At Claimant's request, Administrative Law Judge Susan Brock ("ALJ Brock") conducted a hearing in Louisville, Kentucky on March 8, 2023. (Tr. 49). Claimant and her counsel appeared in person. (*Id.*). An impartial vocational expert also participated in the hearing and appeared by telephone. (*Id.*).

Claimant provided the following testimony. She is 36 years old and lives with her fiancé, two sons, and her fiancé's grandmother. (Tr. 52). Her sons are approximately three and two years old. (*Id.*). She is unable to drive because she lacks a full range of motion in her left shoulder and experiences anxiety. (Tr. 53). Claimant has not worked since February 1, 2021. (*Id.*). Her last job was at Kroger as a pharmacy technician, where she could lift up to 25 pounds. (*Id.*). She had the position for approximately two years. (*Id.*). Claimant also has past relevant work as a customer service representative, customer service supervisor, and cashier. (Tr. 54-56).

ALJ Brock issued an unfavorable decision on May 17, 2023. (Tr. 24-46). She applied the Commissioner's five-step evaluation process for determining whether a claimant is disabled, 20 C.F.R. § 404.1520, and found as follows. First, Claimant meets the insured status requirements of the Social Security Act through March 31, 2025. (Tr. 30). Claimant has not engaged in substantial gainful activity since February 1, 2021, the alleged onset date. (*Id.*). Second, Claimant has the following severe impairments: osteoarthritis left knee, left shoulder strain, scoliosis, morbid obesity, post-traumatic stress disorder, and anxiety. (*Id.*).

Third, Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 31). Specifically, ALJ Brock determined the Claimant's severity of mental impairments do not meet or medically equal the criteria of Listing 12.06 ("Anxiety-related Disorders") and Listing 12.15 ("Trauma- and Stressor-related Disorders"). (Tr. 32). ALJ Brock

found Claimant had no more than mild or moderate limitations while understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. (Tr. 32-33). ALJ Brock concluded the "paragraph B" criteria were not satisfied because the Claimant's mental impairments do not cause at least two marked limitations or one extreme limitation. (*Id.*).

At the fourth step, ALJ Brock determined Claimant has the residual functional capacity ("RFC") to perform "light work[,]" with the following limitations:

> The claimant can occasionally climb ramps, stairs ladders, ropes, and scaffolds, the claimant can occasionally reach overhead with the left upper extremity, the claimant can work in environments with occasional exposures to vibration, unprotected heights and hazardous machinery and frequent exposures to fumes, odors, dusts, gases, and pulmonary irritants. The claimant can understand, remember and carry out simple instructions. She can sustain concentration, persist at tasks, and maintain pace for repetitive tasks in two-hour segments. The claimant can tolerate occasional workplace changes gradually introduced.

(Tr. 33). Also at step four, ALJ Brock found the claimant was unable to perform any past relevant work. (Tr. 38 (citing 20 C.F.R. §§ 404.1564, 416.965)).

Fifth and finally, ALJ Brock considered the Claimant's age, education, work experience, and residual functional capacity and determined there are jobs that exist in significant numbers within the national economy that the Claimant can perform. (Tr. 39).

ALJ Brock concluded that Claimant was not under a disability, as defined in the Social Security Act, from February 1, 2021 through the date of the decision. (*Id.*). Claimant appealed ALJ Brock's decision. (Tr. 233). On March 5, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ Brock's decision the final decision of the Commissioner. (Tr. 5-10).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance. V.*

*Comm'r of Soc. Sec.,* 260 F. App'x. 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923, (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the Claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id*. at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Circ. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion*. See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).

### III. Analysis

Claimant challenges ALJ Brock's analysis of Michael Whitten, Ph.D.'s opinion at Step Three. When evaluating Dr. Whitten's opinion, ALJ Brock provided the following analysis.

> Dr. Whitten opined that as a result of psychological impairments the claimant's capacity to understand, remember, and tasks [sic] and sustain attention and

4

>concentration are lightly affected by her symptoms but she had marked limitations tolerating work stress and interacting with others. Dr. Whitten's opinions are based on a single examination of the claimant and rely on the claimant's subjective complaints during the examination. The longitudinal objective medical record supports finding that the claimant is not as limited as Dr. Whitten opined. For these reasons, the undersigned finds the opinions of Dr. Whitten are not fully persuasive.

(Tr. 37). Claimant argues ALJ Brock failed to properly evaluate the medical opinion of Dr Whitten in accordance with 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). (DN 16, at PageID # 1477). Specifically, Claimant alleges ALJ Brock failed to fully articulate her reasoning behind the supportability and consistency factors when dismissing Dr. Whitten's opinion. (*Id.*). Instead, Claimant alleges, ALJ Brock's analysis amounts to a mere conclusory statement which fails to build the requisite "logical bridge" between consistency and supportability analysis and evidence. (*Id.*). Claimant lastly argues the alleged failure resulted in a less restrictive RFC than warranted. (*Id.*, at PageID # 1482).

The Commissioner argues that ALJ Brock's decision should be affirmed. Specifically, the Commissioner asserts that ALJ Brock's consistency analysis was satisfactory because she stated that Claimant's mental status examinations were largely unremarkable and her course of treatment was conservative. (DN 19, at PageID # 1499). The Commissioner also argues that ALJ Brock's supportability analysis was satisfactory because she stated that Dr. Whitten's opinion was not supported by his own consultative examination and was instead based on Claimant's subjective complaints. (DN 19, at PageID # 1497).

A claimant's RFC is defined as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). In other words, the RFC is the most a claimant can do despite their physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ bases

their RFC determination on "all of the relevant medical and other evidence" in the case record. *Id.* (a)(3). This requires the ALJ to evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

In this case, the new regulations for evaluating medical opinion evidence apply because Claimant filed her applications after March 27, 2017. *See* 20 C.F.R. § 404.1520c. The new regulations specify that an ALJ will not give any specific evidentiary weight to any medical opinion, even the opinions of a claimant's treating physician. *Id.* ALJs instead evaluate the "persuasiveness" of medical opinions using five factors: (1) supportability; (2) consistency; (3) relationship to the claimant; (4) specialization; and (5) other factors. *Id.* (c)(1)-(5). Of these factors, supportability and consistency are the most important. *Id.* (a), (b)(2). The regulations, accordingly, require ALJs to explain how they considered the supportability and consistency factors in their determination. *Id.* (b)(2). Comparatively, ALJs "may, but are not required to, explain" their consideration of the factors (3)-(5). *Id.*

In assessing a medical opinion's "supportability," "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). And the "consistency" factor denotes the extent to which the medical opinion "is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (c)(2). To further illuminate this distinction, "supportability" relates to the objective medical evidence and supporting explanation provided by a medical source to bolster their *own* opinion; by contrast, "consistency" relates to the relationship of a medical source's opinion to *other* medical opinions and evidence of record. 20 C.F.R. § 416.920c(c)(1)-(2).

A. Consistency

Claimant asserts ALJ Brock failed to explain how the record was inconsistent with Dr. Whitten's opinion and provide specific references to the evidence within the record. (DN 16, at PageID # 1477). The Commissioner argues that ALJ Brock's consistency analysis was sufficient because Claimant's mental status examinations were largely unremarkable and her course of treatment was conservative. (DN 19, at PageID # 1499).

ALJ Brock's decision must be considered as a whole. *See Hill v. Comm'r of Soc. Sec.,* 560 Fed. Appx. 547, 552 (6th Cir. 2014); *Crum v. Comm'r of Soc. Sec.,* 660 Fed. Appx. 449, 455 (6th Cir. 2016) (finding the ALJ's conclusion was sufficiently supported by factual findings elsewhere in the decision that need not be repeated). ALJ Brock found that, while Dr. Whitten had opined Claimant had marked limitations tolerating work stress and interacting with others as a result of her psychological impairments, "the longitudinal objective medical record supports finding that the claimant is not as limited as Dr. Whitten opined." (Tr. 37).

Earlier in her opinion, ALJ Brock discussed evidence within the record that was inconsistent with Dr. Whitten's opinion. For instance, ALJ Brock stated that "[C]laimant's physicians have documented [C]laimant exhibiting . . . appropriate mood and affect, an engaged and cooperative attitude, no thought disorders, normal judgment and insight, with no deficiencies in memory, attention, or concentration." (Tr. 36 (citing Tr. 1282, 1292, 1408)). ALJ Brock also noted the following.

> [C]laimant has also received some mental health counseling, but the sessions were brief and limited to outpatient talk therapy and medication management only (Exhibits 15F and 21F). The record does not reflect that the claimant has required hospitalization or other impatient [sic] care for treatment of her psychological symptoms. The claimant was noted to not be taking medication prescribed for anxiety as directed (Exhibit 14F page 16).

7

(*Id*.). ALJ Brock further described Claimant's treatment for her psychological impairments as "very conservative" and noted Claimant did not "follow-up for recommendations to continue with physical, medication management, [or] psychotherapy . . . ." (*Id*.). ALJ Brock noted that "[C]laimant engages in a wide range of activities in her daily life" and that "[m]any of the physical and psychological requirements to perform these daily activities are the same physical and mental activities of work." (*Id*.). Further, ALJ Brock observed that her inconsistent work history coincides with her pregnancies, suggesting that Claimant's gaps in work are not due to her alleged symptoms from her physical and mental impairments. (*Id*.). These statements emphasized the lack of marked limitations, as ALJ Brock opined.

The Court finds ALJ Brock made a sufficient consistency analysis of Dr. Whitten's opinion. ALJ Brock referenced the "full consideration of the medical opinions and prior administrative medical findings of record" in her opinion and identified that Dr. Whitten's findings were inconsistent with the medical record. (Tr. 37). The evidence ALJ Brock recounted in her opinion shows Claimant's conservative medical treatment and inconsistencies with her claims of injury and medical record. (Tr. 34-36). Specifically, ALJ Brock discussed that, contrary to Dr. Whitten's opinion that Claimant had marked limitations in tolerating work stress and interacting with others, Claimant's other physicians documented that Claimant had, among other things, "an engaged and cooperative attitude." (Tr. 36 (citing Tr. 1282, 1292, 1408)). ALJ Brock also noted that Claimant received brief mental health counseling that only consisted of outpatient talk therapy and medication management. (*Id*.). Finally, ALJ Brock observed that the record indicated Claimant was not taking her prescribed anxiety medication as directed. (*Id*.). ALJ Brock, accordingly, provided a logical bridge between the evidence and her conclusion that Dr. Whitten's opinion was not consistent with the record. Considering ALJ Brock's decision in its entirety, the Court finds

8

that ALJ Brock provided sufficient consistency analysis of Dr. Whitten's opinion.

## B. Supportability

Claimant asserts ALJ Brock's supportability analysis of Dr. Whitten's opinion is not supported by substantial evidence. (DN 16, at PageID # 1478). The Commissioner, on the other hand, argues that ALJ Brock's supportability analysis was reasonable in stating that Dr. Whitten's opinion was not supported by his own consultative examination and was instead based on Claimant's subjective complaints. (DN 19, at PageID # 1497).

ALJ Brock concluded that Dr. Whitten's opinion was based on a single examination of Claimant and relies on Claimant's subjective complaints during the examination whereas the longitudinal objective medical record "supports finding that the claimant is not as limited as Dr. Whitten opined." (Tr. 37 (citing Tr. 1181-1186)). Although ALJ Brock did not follow this statement with specific clinical findings from Dr. Whitten's opinion, she appropriately referenced Dr. Whitten's single examination of Claimant and his reliance on Claimant's subjective complaints that she "has a history of anxious symptoms . . . including ruminating thoughts, social anxiety and troubles with sleep." (Tr. 1182). Additionally, Dr. Whitten noted that Claimant reported she had previously been "diagnosed with ADHD and still struggles with those symptoms." (*Id*.).

The objective medical evidence from Dr. Whitten's examination, which ALJ Brock referenced in her opinion, does not support Dr. Whitten's conclusion that Claimant had marked limitations in tolerating work stress and interacting with others. For example, Claimant's mental status examination consisted of normal results (Tr. 1183-86); Dr. Whitten observed that Claimant put forth sufficient effort and was cooperative throughout the examination (Tr. 1183, 1186); and during the examination, Claimant was alert and oriented and demonstrated a normal mood and behavior, adequate insight and judgment, and showed a good ability for abstract thinking. (Tr.

1183-5, 1186). As ALJ Brock concluded, these objective findings do not support Dr. Whitten's opinion that Claimant had marked limitations in tolerating work stress and interacting with others.

ALJ Brock addressed other objective medical evidence on the record that does not support Dr. Whitten's opinion, noting "the record showed the Claimant to have . . . no problem getting along well with providers and staff, normal mood and effect, and no problems with temper control." (Tr. 33). ALJ Brock also observed that Claimant's periods of unemployment coincided with her pregnancies, which suggest that her "work stoppages are due to reasons other than her alleged symptoms from her physical and mental impairments." (Tr. 36).

Taken as a whole, ALJ Brock's analysis is sufficient to allow Claimant to understand why ALJ Brock was not convinced by the supportability of Dr. Whitten's opinion: Dr. Whitten's opinion, which relied on subjective complaints as opposed to objective medical evidence, was not supported by longitudinal medical record or his own findings. This explanation permits meaningful judicial review and provides a logical bridge between Dr. Whitten's opinion and ALJ Brock's conclusion. While reasonable minds may differ, the Court cannot reweigh the evidence and substitute its own judgment for that of ALJ Brock. *See Price v. Comm'r of Soc. Sec.*, 342 Fed. App'x 172, 174 (6th Cir. 2009). The Court finds that ALJ Brock properly evaluated the evidence regarding the supportability factor.

Accordingly, ALJ Brock's discussion of Dr. Whitten's opinion evidence can be understood to touch upon both the consistency and supportability factors, as required by the regulations. Additionally, ALJ Brock translated Claimant's moderate limitations into specific, work-related functional restrictions in the RFC, such as limiting climbing, overhead reaching, exposure to environmental irritants, and accommodating cognitive and task-related limitations. For these reasons, the Court finds ALJ Brock properly weighed Dr. Whitten's opinion with the record and

complied with the regulations. Any error in the evaluation of Dr. Whitten's opinion was harmless.

## IV. Order

Based on the above analysis, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.